**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EDDIE GENE EVANS** <br> **(DOC# 110861)** | **CIVIL ACTION** |
| **VERSUS** | |
| **LOUISIANA PROBATION AND** <br> **PAROLE, ET AL** | **NO. 10-228-B-M2** |

## NOTICE

     Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

     In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

     **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

     Signed in chambers in Baton Rouge, Louisiana, August 5, 2010.

                                                **MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**EDDIE GENE EVANS**                                                                            **CIVIL ACTION**
**(DOC# 110861)**

**VERSUS**

**LOUISIANA PROBATION AND**                                    **NO. 10-228-B-M2**
**PAROLE, ET AL**

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Eddie Gene Evans ("Evans"). In reviewing the record of this matter, it has come to the Court's attention that Evans previously filed a petition for writ of habeas corpus with this Court, wherein he asserted similar arguments to those presented in his instant habeas application. *See*, *Evans v. Cain, et al*, Civil Action No. 99-425-C-M1. That prior habeas petition was dismissed with prejudice on April 4, 2000, not only because Evans had failed to exhaust his state court remedies prior to seeking habeas review but also on the merits because the foundation of his habeas application rested upon the proper interpretation and application of state statutes, which is not an issue within the scope of federal habeas corpus review.

Pursuant to 28 U.S.C. §2244(b)(3)(A), before a second or successive application for federal habeas relief is permitted to be filed with this Court, an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider his/her application. 28 U.S.C. §2244(b)(3)(A). Without such authorization, a federal district court is without jurisdiction to consider successive habeas applications. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Because this is Evans' second habeas petition to be filed in this Court challenging the same sentence and there is no evidence in the record that he

1

sought or received the requisite authorization from the U.S. Fifth Circuit Court of Appeals, his petition should be dismissed without prejudice for lack of jurisdiction.

## RECOMMENDATION

For the above reasons, it is recommended that the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Eddie Gene Evans should be **DISMISSED WITHOUT PREJUDICE**.

Signed in chambers in Baton Rouge, Louisiana, August 5, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

2